IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S.           COURT
DISTRICT OF VERMONT

2021 MAR 31  AM 9: 11

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION,     )<br>    )<br>    )<br>Plaintiff,     )<br>    )<br>    )<br>v.     )<br>    )<br>    )<br>COUGHLIN, INC., D/B/A MCDONALD'S,     )<br>Defendant.     )<br>    )<br>    ) | CIVIL ACTION NO. 2:21-cv-99<br><br>COMPLAINT<br><br>Jury Trial Demanded |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Jennie Lumbra and other similarly aggrieved employees who were affected by such unlawful employment practices. As alleged with greater particularity in paragraphs 12–13 below, the United States Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Coughlin, Inc., d/b/a McDonald's ("Defendant") discriminated against Jennie Lumbra and other similarly aggrieved employees (collectively "Aggrieved Individuals") at Defendant's Randolph, Vermont location by subjecting them to a hostile work environment based on sex. The EEOC further alleges that Defendant retaliated against Jennie Lumbra because she complained of unlawful sex discrimination.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title

VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Vermont.

PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with

the administration, interpretation, and enforcement of Title VII and is expressly authorized to

bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant, a Vermont corporation, has continuously been

doing business in the State of Vermont, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§

2000e(b), (g), and (h).

ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Jennie Lumbra filed a

charge with the EEOC alleging violations of Title VII by Defendant.

7.      On November 3, 2020, the EEOC issued to Defendant a Letter of Determination

finding reasonable cause to believe that Title VII was violated as to Jennie Lumbra and a class of

similarly aggrieved individuals, and inviting Defendant to join with the EEOC in informal

methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     On December 7, 2020, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

10.     Defendant owns and operates ten franchised McDonald's restaurants located in Vermont and New Hampshire. The McDonald's restaurant at issue in this case is located in Randolph, Vermont.

11.     Defendant has an internal video surveillance system that captures activity within its Randolph, Vermont restaurant.

12.     Since approximately late 2014 and until late December 2019, Defendant engaged in unlawful employment practices at its Randolph, Vermont location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Jennie Lumbra to a hostile work environment based on sex.  Specifically:

> a.     Between 2014 and December 2019, Peter Pratt worked as a Second Assistant Manager at Defendant's Randolph, Vermont McDonald's restaurant location.
>
> b.     As a Second Assistant Manager, Pratt's job responsibilities included:
>
> > i.     Interviewing and selecting Crew Members for hire;
> >
> > ii.     Training Crew Members;
> >
> > iii.     Supervising Crew Members;

3

      iv.     Approving Crew Members' work hours, including clock-in and clock-out times;

      v.     Recording personnel events in Crew Members' personnel files; and

      vi.     Enforcing Defendant's personnel policies.

c.     Pratt frequently worked the night shift, which was from approximately 2:00 p.m. until closing, which was 12:00 a.m.

d.     In approximately November 2015, Defendant hired Jennie Lumbra at its Randolph, Vermont McDonald's restaurant location as a Crew Member and she initially worked the morning shift.

e.     In approximately mid-2016, Jennie Lumbra requested and was granted a flexible work schedule as an accommodation for her disability and, as a result, Jennie Lumbra frequently worked the night shift with Pratt.

f.     Soon after Jennie Lumbra began working with Pratt, he began subjecting her to a hostile work environment based on sex. This included, but was not limited to:

      i.     Pratt regularly making unwelcomed sexual comments, acts, and innuendos to and around Jennie Lumbra, such as comments about his "big cock;"

      ii.     Pratt ridiculing Jennie Lumbra by unwantedly running his finger along her chin to highlight physical features Pratt perceived as not feminine;

      iii.     Pratt repeatedly grabbing Jennie Lumbra's buttocks and genitals; and

4

    iv. Pratt hitting Jennie Lumbra in the face.

g. In 2016, after Pratt grabbed her buttocks and genitals for the first time, Jennie Lumbra complained to General Manager Janet Roth.

h. Despite her complaint, the unwanted comments and physical conduct continued.

i. In 2017, Jennie Lumbra complained two more times to General Manager Roth about Pratt's physically violent conduct, including Pratt hitting her in the face.

j. Despite her complaints about Pratt, Defendant took no effective action to stop Pratt's conduct, and his unwanted comments and physical conduct continued.

k. On or about August 29, 2019, Jennie Lumbra complained to Senior Supervisor Mary Brown that on or about August 25, 2019 Pratt grabbed her buttocks and genital area.  She also told Senior Supervisor Brown that Pratt had similarly touched her on several occasions in the past.

l. Pratt's conduct was captured on Defendant's surveillance cameras and contemporaneously reviewed by Senior Supervisor Brown.

m. Defendant waited six days to suspend Pratt pending an investigation into Jennie Lumbra's August 29, 2019 complaint.

n. On September 8, 2019, Defendant issued Pratt a written warning for "inappropriate conduct including horseplay."

o. Three days later, Pratt returned to his regular work schedule on September 11, 2019.

p. On or about September 8, 2019, Jennie Lumbra met with Senior
Supervisor Brown and Area Manager Emily McCullough to discuss her
August 29, 2019 complaint against Pratt. Brown and McCullough told
Jennie Lumbra during this meeting that, effectively immediately,
Defendant was revoking her reasonable accommodation, namely her
flexible work schedule.

q. Pratt's work schedule remained unchanged.

r. On or about September 9, 2019, Jennie Lumbra was required to work with
Floor Supervisor Bonnie Davis, who is Pratt's mother, and Second
Assistant Manager Stephanie Denis-Hightower. Both reprimanded and
publicly yelled at Jennie Lumbra about an unlocked door, which prior to
her August 29, 2019 complaint about Pratt had not been a problem.

s. Because of the revocation of her reasonable accommodation, the acts of
retaliation for her complaints described in subparagraph 12(r) above, and
her fear that Pratt's harassment of her would continue unabated, Jennie
Lumbra was forced to resign in approximately mid-September 2019.

t. On or about October 25, 2019, Jennie Lumbra sent Defendant a letter in
which she again complained of Pratt's sexual harassment during her
employment and stated she felt "it necessary to come forward and share
[her] story for [her]self and future new employees."

u. Despite this letter and her multiple prior complaints about Pratt detailed
above, Defendant failed to take any actions to stop Pratt's unlawful
conduct and comments.

6

13.     From approximately late 2014 until late December 2019, Defendant engaged in unlawful employment practices at its Randolph, Vermont location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting other employees Pratt worked with to a hostile work environment based on sex.  Specifically:

- a.     As a fast-food restaurant, Defendant provides employment opportunities for entry-level positions, which are attractive to high school-aged individuals and young adults in the local area entering the workforce.

- b.     Many of the employees who worked with Pratt were minors and/or young adults hired as Crew Members for the closing shift, which was after the school day ended.

- c.     Pratt subjected these employees to a hostile work environment based on their sex, including, but not limited to, the following:

  - i.     Pratt regularly making unwelcome sexual remarks, comments, and innuendos to and around these employees, such as commenting on the size of female employees' breasts and buttocks; talking about the size of his penis; talking about the size of male employees' penises; identifying employees he would have sex with; and making references to oral sex and masturbation; and

  - ii.     Pratt regularly subjecting these employees to unwanted sexual touching or attempts to touch them, such as biting the buttocks of a female employee; grabbing or attempting to grab the breasts and buttocks of female employees; grabbing or attempting to grab the nipples of male employees; and hitting or attempting to hit the

genitals of male employees, including on days Pratt declared "Whacky Wednesday," "Whacky Weiner Wednesday," and "Ball Tap Tuesday."

d.  Pratt's egregious and unlawful conduct was known to Defendant during the relevant time period because several employees including, but not limited to, Jennie Lumbra complained to supervisors and managers about Pratt's unwelcome and offensive conduct.

e.  Defendant's supervisors and managers observed and/or were aware of Pratt's unlawful conduct and took no action to stop it.

f.  Defendant's failure to take appropriate remedial action to address and stop Pratt's unlawful conduct effectively discouraged employees from continuing to complain or to assert new complaints.

g.  On December 23, 2019, Pratt hit a male employee in his genitals.

h.  This conduct was captured on Defendant's surveillance cameras, was immediately reported to Floor Supervisor Brittany LaPlante, and the video was reviewed by Defendant's management.

i.  On this occasion, Pratt's unlawful conduct was also reported by the employee's parent to the Orange County Sheriff's Department.

j.  Defendant waited five days to suspend Pratt and begin its internal investigation.

k.  On January 6, 2020, after Pratt informed Defendant that he did "not think [he] can control [his] behavior" and "felt [he] should be fired," Defendant fired Pratt.

14.     Defendant also engaged in unlawful employment practices at its Randolph, Vermont location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by retaliating against Jennie Lumbra because she complained of sexual harassment.  These unlawful retaliatory practices include, but are not limited to, those set forth in subparagraphs 12(k)–(s) above.

15.     The effect of the practices complained of in paragraphs 12–13 above has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees, based on their sex.

16.     The effect of the practices complained of in paragraph 14 above has been to deprive Jennie Lumbra of equal employment opportunities and otherwise adversely affect her status as an employee based on her opposition to practices made unlawful by Title VII.

17.     The unlawful employment practices complained of in paragraphs 12–14 above were intentional.

18.     The unlawful employment practices complained of in paragraphs 12–14 above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

### PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

any employment practice that discriminates against any individual in retaliation for asserting their rights under federal employment law or otherwise engaging in protected activity.

C.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for the Aggrieved Individuals and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant to make whole the Aggrieved Individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.      Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12–14 above, in amounts to be determined at trial.

F.      Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12–14 above, in amounts to be determined at trial.

G.      Order Defendant to pay the Aggrieved Individuals punitive damages for its malicious and reckless conduct, as described in paragraphs 12–14 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated: March 30, 2021                              Respectfully submitted,

10

GWENDOLYN REAMS
Acting General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

KIMBERLY CRUZ
Supervisory Trial Attorney
kimberly.cruz@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

KATIE N. LINEHAN
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building
15 New Sudbury Street, Room 475
Boston, MA 02203
katie.linehan@eeoc.gov
Office: 617-865-3671